UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA

    -against-

JOSE FRANCISCO GUZMAN-CABRERA,

                         Defendant.

18-cr-868 (SHS)
22-cv-10662 (SHS)

OPINION & ORDER

------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

Defendant Jose Francisco Guzman-Cabrera has filed three separate motions to vacate or amend his sentence. The first is a motion to vacate his sentence under 28 U.S.C. § 2255. The second is styled as a "motion to vacate leadership role; and for early release and motion for sentence transcripts." The third motion is styled as a "motion to dismiss under Rule 12 and petition for a writ of audita querela." All three motions are denied for the reasons set forth below.

BACKGROUND

Guzman-Cabrera played a significant role in a conspiracy to operate sham pharmacy websites that distributed hundreds of thousands of pills containing fentanyl and other opioids to customers throughout the United States. He pled guilty to conspiracy to distribute and to possess with intent to distribute narcotics in violation of 21 U.S.C. § 846 and distribution of narcotics over the internet in violation of 21 U.S.C. § 841(h). This Court imposed a 78-month sentence to be followed by a three-year period of supervised release.

I.    Motion to Vacate Pursuant to 28 U.S.C. § 2255

Defendant contends that he received ineffective assistance of counsel because his attorney failed to investigate his case, failed to file relevant motions, and failed to file a notice of appeal after Guzman-Cabrera asked his counsel to do so. He also contends that the Court failed to verify at sentencing that he and his attorney had read and discussed his presentence report ("PSR") and its addendum, in violation of Federal Rule of Criminal Procedure 32(i)(1)(A). Guzman-Cabrera's arguments fail in all respects.

First, Guzman-Cabrera claims that he received ineffective assistance of counsel because his attorney, Heriberto Cabrera, failed to investigate his case and failed to file

relevant motions.[1] Under *Strickland v. Washington,* ineffective assistance of counsel claims are evaluated under a two-pronged standard. A petitioner must show that counsel's performance was objectively deficient based on prevailing professional norms. 466 U.S. 668, 687-88 (1984). He must also show that the deficient performance prejudiced the defendant. *Id.*

Defendant's contention satisfies neither prong. He does not identity a single motion that his attorney should have filed or could have filed that might have succeeded. Although attorneys need not "advance every nonfrivolous argument that could be made," a defendant "may establish constitutionally inadequate performance if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker." *Mayo v. Henderson,* 13 F.3d 528, 533 (2d Cir. 1994). Defendant fails to identify a single arguably meritorious issue that his attorney failed to pursue. And even if defendant had met the first *Strickland* prong here—which he does not—he would still fail to meet the second prong, which requires the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. Defendant has identified no motion that would have affected the outcome of his case.

Furthermore, defendant's complaint is belied by the record. Cabrera has submitted a sworn affidavit that he reviewed the discovery in the matter and averred that "no document[] or issue was overlooked in the defense" of the case. (ECF No. 105, ¶ 12.) Moreover, Guzman-Cabrera indicated that he was satisfied with his attorney's representation at the time that he entered his guilty plea. (ECF No. 68, at 6.) Indeed, at sentencing, the Court commended Cabrera on his representation of the defendant, noting that his "presentation and [his] papers were excellent." (ECF No. 78, at 16.)

Second, Guzman-Cabrera contends that he received ineffective assistance of counsel because he requested that his attorney file a notice of appeal but Cabrera failed to do so. However, the record wholly contradicts this claim and Guzman-Cabrera does not set forth any facts to support it. Although the Second Circuit has found that an attorney instructed to file a notice of appeal must do so—even if that appeal would be frivolous—Cabrera's sworn affidavit attests to never having been asked to file a notice of appeal. Moreover, in his plea agreement, defendant agreed not to file a direct appeal from the sentence and not to collaterally attack the sentence as long as the sentence did not exceed 97 months in prison, which it did not. He specifically acknowledged that he understood he was waiving these rights at his plea allocution. (ECF No. 68, at 22.) Despite the Second Circuit's strict standard regarding a failure to file a notice of appeal, *see Campusano v. United States,* 442 F.3d 770 (2d

---

[1] For clarity, the Court refers to defendant as "Guzman-Cabrera" and to his attorney as "Cabrera" throughout this Opinion & Order.

Cir. 2006), a defendant cannot support his petition by making wholly conclusory assertions that have no basis in the record.

Finally, defendant claims that the Court violated Fed. R. Crim. P. 32(i)(1)(A) by failing to confirm at sentencing that defendant had read and discussed the PSR and addendum with his counsel. This claim, too, is contradicted by the record. The sentencing transcript makes abundantly clear that the Court complied with Rule 32(i)(1)(A). The Court listed the documents it had reviewed, including the PSR and addendum, and then confirmed that defense counsel had read both and had reviewed them with Guzman-Cabrera. (ECF No. 78, at 3-4.) In fact, Cabrera requested a change to the PSR, which the Court adopted. *Id.* Guzman-Cabrera, who was sitting next to his attorney at that time, in no way indicated that he disagreed with his attorney's responses to the Court's questions.

For the above reasons, Guzman-Cabrera's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 is denied.[2]

II.     Motion to Vacate Leadership Role and For Early Release[3]

Guzman-Cabrera also contends that the Court misapplied the "leadership role" sentencing enhancement in his case. He argues that "none of the requisite standards w[]ere met in this case" and that the Court should "vacate the leadership role enhancement" and reduce his sentence.

The PSR found that defendant was "a manager or supervisor" (not a "leader") in the drug trafficking conspiracy and added three levels pursuant to §3B1.1(b). (PSR at 13.) The defendant "managed a call and email center in the Dominican Republic, which took orders for pills from customers in the United States . . . and directed other members of the conspiracy to send pills to fill these orders." *Id.* at 23. At sentencing, the Court adopted the findings of fact in the PSR. (ECF No. 78, at 6.)

At the time of sentencing the Court carefully considered the relevant factors under U.S.S.G. §3B1.1(b) to determine whether defendant was a manager or supervisor and whether the criminal activity involved five or more participants or was otherwise extensive. The Court found that defendant's role in this crime satisfied those factors. *See, e.g., United States v. Hertular*, 562 F.3d 433, 448 (2d Cir. 2009) ("A defendant is properly considered as a manager or supervisor . . . if he exercised some degree of control over others involved in the commission of the offense or played a significant role in the decision to recruit or supervise

---

[2] The Court denies the motion without an evidentiary hearing because it determines that any testimony would add nothing to the written submissions currently before the Court—specifically, Guzman-Cabrera's motion, Cabrera's sworn affidavit, and the plea and sentencing transcripts.

[3] Defendant has also requested a copy of his sentencing transcript; that request is granted.

lower-level participants."). Not only did defendant fail to object to this finding in the PSR at sentencing, but he also provides no evidence in his motion contradicting the finding that he played a managerial or supervisory role in the crime, and the Second Circuit cases he cites are inapposite.

III.   Motion to Dismiss Under Rule 12 and Petition for a Writ of Audita Querela

Finally, Guzman-Cabrera has asked the Court to issue a writ of audita querela and to discharge him from custody or reduce his sentence to time served. A writ of audita querela is an extraordinary remedy that "might be deemed available if [its] existence were necessary to avoid serious questions as to the constitutional validity of both § 2255 and § 2244." *Triestman v. United States*, 124 F.3d 361, 380 n. 24 (2d Cir. 1997). *See also U.S. v. LaPlante*, 57 F.3d 252, 253 (2d Cir. 1995). Defendant's case does not present such a situation. He makes no colorable claim of any constitutional violation and therefore the absence of other avenues of collateral attack does not present serious constitutional questions.

CONCLUSION

For the above-stated reasons, Guzman-Cabrera's motions are denied in their entirety, except for his request for a copy of his sentencing transcript. The Clerk of Court is directed to mail a copy of this Opinion & Order, along with a copy of the sentencing transcript (ECF No. 78) to defendant as follows: Jose Francisco Guzman-Cabrera [07122-509], FCI Fort Dix, Federal Correctional Institution, P.O. Box 2000, Joint Base MDL, NJ 08640.

Dated:  New York, New York
        July 17, 2023

SO ORDERED:

*/s/ Sidney H. Stein*

Sidney H. Stein, U.S.D.J.